Good morning. Let me start by introducing the panel. I'm Judge Ferris from the District of Hawaii. To my right is Judge Brand from the Central District of California. To my left is Judge Gann from the District of Arizona. Each side will get 15 minutes to argue. The appellant can, if the appellant wants to, reserve part of that time for a rebuttal. I'll ask you when you first start out how much time you want to reserve for rebuttal. We give the parties 15 minutes because we present these cases if you use the time wisely. Please be aware that we are thoroughly prepared. We've read your briefs. We've read the bankruptcy court's ruling. We've read the bankruptcy court's record. We've discussed the case tentatively amongst ourselves. So you don't need to tell us everything that's already in the briefs or in the record. It's probably wisest to choose a small number, say three or four important points you want to get across to us. Make those points. And more importantly, listen carefully to whatever questions we might have and answer them. This is your chance to have a conversation with us, and that's the best use of your time. With that, we can go ahead and start. Would you please call the first case, Madam Clerk? Henry Corona. For me, Kevin Corona, pro se appearing. And Douglas Cleaner, appearing for appellate. Good morning, Mr. Corona. Would you like to reserve some time for rebuttal? Yes, Your Honor. I'd like to reserve four minutes, please. Four minutes. OK, please go ahead. OK, good morning, Your Honors. Just wanted to highlight a few important points that I feel are significant. First is the ECF 233 and 241, which were granted by the bankruptcy court. They were denying the lift of stay to the appellee to pursue this action in state court. But the action was pursued, and the appellee eventually came back and stated, hey, the cause of action didn't accrue till the death of the seller, which was Dolores Adamson. And hence, I had to go to state court. And then in ECF 247 of the 13-20058 bankruptcy court case, the judge coincided with that and said, hey, it did not accrue. And that is a point that I want to highlight before you, Your Honors, because there is no authority given. And those facts were known before the first ruling on 233 occurred. Those were before the court. The court said, no, lift of stay is denied. And then the subsequent motion for reconsideration by the appellee, ECF 241, the judge correctly said this is a pre-petition asset that he had, referring to me, the debtor. And he owned half of that. And it's in the second paragraph of that, and to the effect stating that he is entitled to the asset. But then eventually in 247, the judge, without, there's no authority or nothing there. That's one thing. So in other words, the claimant here, which is the state of Idaho, the appellee, is being treated differently than any other claimant would be, whichever class they fell in. It was a priority, non-priority in the estate that was created. They would have had their claim, but that is being, you know. And then also, Your Honor, the exception for the probate is very narrow. The in-res belong to the bankruptcy court rather than the state court. But that was overlooked and maybe not treated correctly. Then I also have the probate got special treatment, Your Honor. And I've cited several cases. The Keys case, the Marshall versus Marshall. There is no authority given on why the state court law trumps the bankruptcy law. Whereas on the other hand, I think as per Law versus Siegel, and I cite that case, it trumps the state law. And it's right there in the Idaho Constitution also that they will follow the laws of the United States. And there is no authority started from the Supreme Court of the United States by the appellee in this case. So these are some points. The other point is I was not served, Your Honor, by the appellee. In my first case, the 18-1196, there was deficient service. I didn't know. They never showed up for the hearing. And basically, the judge ruled in their favor at the bankruptcy court. So that's another point. So the net effect is, Your Honor, if the judge abstained from all these hearings, but went on ruling on the motion ECF-247, which was docketed on July 3, 2018, the judge did get back into the case. And the judge did rule on it. And in order to do that, he used the Idaho law over the bankruptcy law. And that is also concerning and grounds for my appeal, Your Honor. So the net effect was that I relied on the first order, which was 233, ECF-233. And that was binding on both parties. But for some reason, it didn't work out that way. Then, Your Honor, the state had legal remedies. In bankruptcy court, they knew as early as 2007 when the seller made the application for long-term Medicare. But they failed to do anything. They knew all along, all up till 2013. And they did not file any liens or anything. I cannot delve into what they should or shouldn't have done. But there was a failure there to do anything, because they may have had something over the $100,000, which is the Idaho state exemption for Homestead for any debtor on a Chapter 7 petition. So that is something that occurred. And the fact was clearly established by the bankruptcy court that this is a pre-petition. That is a guarantee. The appellee did not appeal either ECF-233 or 241. So those still hold, whereas I appealed the ECF-247, which is the July 3, 2018 case. So the other contention I have is the standard of review that I was presenting to the bankruptcy court for the bankruptcy law, the 11 U.S.C. Chapter 7, whereas the state court law was used without any authority starting the statute. And I'm referring to ECF-247, the order of July 3, 2018, where they said that the claim did not accrue by the claimant till the death of the deceased seller. And so they could not have done anything. So in order to take that position, the court would have had to use state law. And that is concerning.  And, Your Honor, the appellee is represented by a qualified attorney, and they're in a much better position to do this. They knew or should have known because the seller was in their care. This is probably the biggest entity, a multibillion-dollar entity in the state of Idaho, whereas I'm just an ordinary working man struggling to pay his bills. And I work seven days a week just about in a restaurant, in a kitchen. So the disparity is obvious, whereas they should have known or should have acted in a more proactive manner. And that's all I have. So, Mr. Karana, can I ask you a question? Absolutely, ma'am. All right. So is what you're saying today that the state of Idaho should have done something about this during the time of your bankruptcy case because they knew in 2007 that Mrs. Adamson was going to make, was making Medicaid claims? Is that what you're saying today? Yeah. Not only in 2007, ma'am. I'm saying all along. So she made the claim. There's a four-year look-back period, and we're talking state law, Idaho state law. But then in 2013 or in that period, when I was filing, when I filed my petition and she filed for actual benefits and received benefits, then the bankruptcy was open. It was up to incumbent on, yes, I'm saying that they should have known that there is a property sale from her to me, and they could have acted in that. They have the tools, and they have the staff, and they have all the resources to their effect. Similar to the point where they did it in 2016, they could have acted in 2013 or before. Correct. Did I answer your question, ma'am? Yes. Yes, you did. Yeah. OK. All righty. And then the abstention question, Your Honor, it's kind of erratic. So in the first case, the judge abstains under 28 USC 1334-1. But I've seen case law where a Title II judge by Congress, who is a 14-year term, and I may not be quoting these correctly, but they are able to make findings of facts and conclusions of law. And the judgment can be signed by a judge in the US District Court. So that is my point of concern on the abstention, because the abstention was there, and I counted on it. But then the abstention was not there when the judge ruled on ECF 247 on July 3, 2017, and entered it and made a finding of fact and conclusion of law. So that is concerning, because I did not get a chance to develop my evidence. I filed an adversary case. If the judge was going to partially abstain or come back, then I should have had the time to be able to develop my evidence and come forth prepared into court. But I did not get that because of the abstention issue not being consistent all throughout. That's all I have. You have about four and a half minutes left. So if you want to reserve your four minutes, this would be a good time to stop and give Mr. Fleener a chance. OK, I'll do that, Your Honor. Thank you. Thank you. Good morning. I don't really have a lot to say that's not in the brief. I know that Mr. Krona feels like he didn't get his day in court, that he didn't have adequate time to argue, but all of that is not true. The judge was clear in his abstention order that he allowed the state court to hear the real property dispute between the state and Mr. Krona. The state court heard that and decided against him. And since then, Mr. Krona has been unhappy with that decision and has appealed the state court both to the state Supreme Court and through the bankruptcies that you have before you. I think the judge has tried to make it very clear to Mr. Krona that he abstained because he thought the state court would be in a better position to hear that real property matter, no matter how often he says that Mr. Krona refuses to believe that. If you have questions of me, let me know. Well, I guess the question that I have is why Mr. Krona asserts that the state was aware of these issues during the bankruptcy and before the bankruptcy, that Mrs. Adamson was obtaining Medicaid benefits, and that at some point, the state was going to have the right to pursue her assets for recovery of these. So why didn't the state act? And should the state have acted during the bankruptcy case? Right, the state cannot act because there's no claim yet. Although a Medicaid recipient may utilize the Medicaid benefits, both by 42 USC 1396P and by Idaho state law, we cannot file a lien or recover until she passes away. And so we have to wait until she passes away. And so we don't go looking for her assets. We don't, even if the trend, they were quick claim deeds between the two parties in this case. And there were a series of them. Mr. Krona, regardless, there were a series of transfers between the parties. And even if they were properly recorded, the state would not go and look through those. It just simply cannot go through all the Medicaid recipients and search for their assets until it's the time to collect, which is at the time of her death. Are you saying that as a practical matter you couldn't do that? Or as a legal matter, you're not allowed to try to challenge transfers until after the beneficiary passes? It's a legal matter, but also a practical matter. So we don't go and ask that. But also legally, we can't go collect that or place a lien. So legally, we're barred from doing that. Practical-wise, I think the department theoretically could track them to be better prepared when the people died. But we just don't do that. Well, in reality, I mean, there may be other assets you wouldn't necessarily need to pursue fraudulent transfer actions once the person died too, right? Correct, and they're not fraudulent transfers. Sometimes they're just assets. That's definitely it. All right. OK, any more questions? OK, thank you, Mr. Fleener. Thank you. You have a little over four minutes left, Mr. Carano. OK, Your Honor, I just wanted to rebut what Mr. Fleener just said. The state, you know, he says the court explained it to me. But I'm looking at page 2 of ECF 241, which was their motion to consider. And I'll just read these three or four lines. It says, however, in its oral ruling, the court thoroughly analyzed debtor's interest in the property at the time he filed his petition and found that he held one half tenancy in common interest in the property. Having already decided that debtor's interest in the property at the time he filed his petition, the court is not persuaded by the state's argument. So it was a pre-petition. What Mr. Fleener just represented was inaccurate as what the court found. The court did find that I own one half of the property. The other point that they have to wait and all that, it doesn't come with any authorities, Your Honor. It's just a practical matter or the way they should do it or could have done or maybe ifs, ands, and buts. But there is no legal authority. And that is state law. Because Mr. Fleener pursued this action in state law, in state court of Idaho, he used state law. And I am contending to you, Your Honors, that this bankruptcy law has been ruled on by US Supreme Court in Law v. Segal, where they ruled that the exemptions were absolute. He may have claimed over 100,000 exemption that I have personally, my homestead exemption. They could have gone over that. They had a whole slew of remedies. But that is not a point I want to believe anymore, Your Honor. And the point that they have to wait and all of that doesn't come with any authorities. And the claim, Your Honor, there's ample examples where there is a lien on a property or automobile or anything where the lien is recorded. The actual amount may vary when the person, you know, it becomes due, the note becomes due. In this case, it would be the passing of the person. But the notice and the intent and the recording is done when that is accrued. So in my humble contention, the debt accrued or the claim accrued when they started providing the benefits or before or when they had an intent or it may. So that is not substantiated that it only accrued when she passed away. And that's it, Your Honor. Thank you very much. OK, thank you very much. The matter is submitted. We'll provide a written decision in due course.
judges: Faris, Brand, Gan